809 So.2d 1256 (2002)
Dwane SMITH
v.
Richard IEYOUB, Attorney General, Louisiana, et al.
No. 01-1517.
Court of Appeal of Louisiana, Third Circuit.
March 6, 2002.
*1257 Leslie Levet, Baton Rouge, LA, for Richard Ieyoub, Attorney General, Louisiana.
Frank Wynerth Summers, II, Sonnier Law Firm, Abbeville, LA, for Ray Lemaire, Sheriff, Vermilion Parish.
Dwane Smith, Kinder, LA, pro se.
Court composed of SYLVIA R. COOKS, MARC T. AMY and GLENN B. GREMILLION, Judges.
AMY, Judge.
The plaintiff, who entered guilty pleas to the charges of molestation of a juvenile and aggravated oral sexual battery, filed suit against the Sheriff of Vermilion Parish seeking damages for the Sheriffs role in the plaintiff's plea agreement and the conditions of his resulting incarceration. The trial court granted the exception of prescription filed by the defendant. The plaintiff appeals. For the following reasons, we affirm.

Factual and Procedural Background
The plaintiff, Dwane Smith, filed the instant matter on April 24, 2000, asserting causes of action related to the plea agreement he entered into prior to his May 20, 1997 conviction for molestation of a juvenile and aggravated oral sexual battery. As part of the plea agreement, the plaintiff alleges, he agreed to work as an "undercover/confidential informant with the Vermilion Parish Narcotics Division." In his petition, the plaintiff states that: "In return for plaintiff's cooperation and work with the Sheriffs Department, he would in turn receive favorable consideration as well as the possibility of renegotiating his plea agreement." In his suit, the plaintiff names various actors in the plea agreement, including Sheriff Ray Lemaire. In the petition, the plaintiff seeks damages associated with what he contends are the negligent actions of the defendants in failing to provide the confidentiality he alleges was a part of the plea agreement. As a result of this breach, the plaintiff contends, he is placed at risk as he is incarcerated with suspects who were the subject of his work with the narcotics task force.
In May 2000, Sheriff Lemaire filed an exception of prescription, which was granted. However, a panel of this court reversed the judgment entered in favor of the defendant, finding a lack of evidence that the plaintiff was served with notice of the hearing in accordance with La.Code Civ.P. art. 1235.1, which makes provision for service of process on incarcerated persons. See Smith v. Ieyoub, 00-1583 (La. App. 3 Cir. 7/16/01); 786 So.2d 978, writ denied, 01-840 (La.5/11/01); 792 So.2d 739. The matter was remanded for further proceedings.
Again, the defendant filed an exception of prescription. As in the earlier exception of prescription, the defendant pointed out that the plaintiff asserted only negligence causes of action and actions purportedly recoverable under 42 U.S.C. § 1983, both of which are controlled by the one-year prescriptive period of La.Civ. *1258 Code art. 3492. See La.Civ.Code art. 2315; McCoy v. City of Monroe, 32,521 (La.App. 2 Cir. 12/8/99); 747 So.2d 1234, writ denied, 00-1280 (La.3/30/01); 788 So.2d 441. The defendant contends that the face of the petition points out that the plaintiff was convicted on May 20, 1997, and was sentenced on March 16, 1998. He allegedly worked as an undercover informant during this period. Thus, the defendant contends any possible action would have prescribed at the latest by one year from March 16, 1998. Suit was not filed until April 25, 2000, after the period the defendant urges is applicable.
The hearing on the exception of prescription was scheduled for August 27, 2001. The transcript reveals that the plaintiff was not present at the hearing, despite service of notice evidenced in the record. Following argument by defense counsel, the trial court granted the exception of prescription. The judgment reads, in part, as follows:
Considering the Peremptory Exception of Prescription filed by Sheriff Ray LeMaire, and the Court finding that notice of the hearing of the exception was sent out on June 29, 2001, and further finding that Dwane Smith had actual knowledge of the date set for hearing, as evidenced by the pleadings on file, but Dwane Smith did not appear to argue the matter at the hearing in open court on August 27, 2001.
And the Court having reviewed Sheriff LeMaire's exception and memorandum, and hearing argument of counsel, does find more than one year had lapsed between the date of the acts complained of and the date suit was filed[.]
Due to the ruling on the exception of prescription, the trial court denied a motion for continuance filed by the plaintiff, seeking additional time for discovery.
The plaintiff appeals, assigning as error his contention that: "The trial court in concert with defense counsel and the court reporter, conspired to fabricate a transcript of a hearing that did not take place." The plaintiff also asserts the following alternative assignments of error:
1. The Trial Court erred in sustaining defendant Lemaire's Exception of No Cause of Action finding that the claim had prescribed, where the Appellant was not given the opportunity to appear and defend the allegations.
2. The Trial Court erred in granting the defendant's exception of prescription on the merits.
3. The [T]rial [C]ourt erred in failing to rule on the merits of Appellant's Motion to Compel Discovery prior to ruling on the defendant's exception of prescription.
4. The Trial Court erred in denying Plaintiff the opportunity to Amend the Petition pursuant to the provision of La. Code Civ.P. art. 934.

Discussion
In his first assignment of error, the plaintiff asserts that the hearing of August 27, 2001, did not occur as reported in the record. He contends that both the minutes and the transcript are fabricated. In the opening paragraph of the assignment, the plaintiff admits that he did not file the necessary writ in order to have himself transported to the hearing. Instead, he states that he "had timely submitted the required Writ of Habeas Corpus Ad Testificandum for the original June 25, 2001 hearing. (Appellant did not resubmit a writ for the August 27, 2001, hearing because the district court had in the past denied such writs as being moot)." Thus, *1259 as is obvious from the record, he was not present at the hearing. He submits in his brief, however, that his wife and a fellow inmate were present on that date and that both reported to him that after the trial court learned of his absence, the court moved on to other matters, not handling the defendant's exception. As proof of the alleged fabricated transcript and minutes, the plaintiff attaches to his brief affidavits from his wife and fellow inmate attesting to the record's inaccuracy.
The assertions made by the plaintiff in this assignment are problematic in at least two preliminary aspects. First, the plaintiff's argument is made for the first time on appeal. This court is not one of first impression but, instead, an appellate court reviews evidence that was before the trial court. Ventura v. Rubio, 00-0682 (La.App. 4 Cir. 3/16/01); 785 So.2d 880, writ denied, 01-1065 (La.5/4/01); 791 So.2d 662. Furthermore, appellate briefs and attachments thereto are not part of the record on appeal. Rhodes v. Executive Risk Consultants, Inc., 26,021 (La.App. 2 Cir. 8/17/94); 642 So.2d 269. The affidavits relied on by the plaintiff are merely attachments to his brief and have not been introduced into evidence in any way. As the basis for his argument is outside of the record, we do not consider it. This assignment lacks merit.

Merits of the Exception
Next, the plaintiff contends that the trial court erred in granting the exception of prescription. He concedes in his brief that the one-year prescriptive period of La.Civ. Code art. 3492 is applicable to his case. However, he contends that he was unaware of any tortious conduct by the defendant until he was transferred from the parish jail, when he became aware that his identity as an informant had not been kept in confidence or measures taken to insulate him from those he views as a threat. Thus, he contends the doctrine of contra non valentem renders his petition timely. We disagree.
With regard to the burden of proof on an exception of prescription, the Louisiana Supreme Court has stated: "The burden of proof is normally on the party pleading prescription; however, if on the face of the petition it appears that prescription has run, as in this case, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period." Younger v. Marshall Indus., Inc., 618 So.2d 866, 869 (La.1993). The petition clearly indicates that prescription has run. The face of the petition indicates that the plaintiff was convicted in May 1997, and sentenced in March 1998. The petition was not filed until April 2000, well after the one-year prescriptive period had expired. According to Younger, the burden shifted at that point to the plaintiff to prove suspension or interruption. Although the plaintiff urges the applicability of the doctrine of contra non valentem, and makes arguments in that regard, he failed to prove its applicability by adequate proof of the assertions made. Attached to his brief in opposition, the plaintiff attaches a newspaper article regarding drug-related arrests made in Vermilion Parish and a listing of inmates at the Allen Correctional Center where he is detained. There is an absence of any affidavits, depositions, or other evidentiary proof that could be seen as providing the foundation necessary for him to sustain his burden of proof. Accordingly, we find no error in the court's determination to grant the exception of prescription.

Motion to Compel Discovery
The defendant's exception of prescription was filed in April 2001. The plaintiff *1260 filed a motion to compel discovery on June 11, 2001. Like the exception, it was scheduled to be heard on August 27, 2001. Again, the record demonstrates that the plaintiff was served with notice of the hearing, but he failed to appear to argue his own motions. The transcript of the hearing, however, indicates that the trial court took the plaintiff's concerns regarding discovery into consideration during argument of the exception and the plaintiff's motion for continuance. The following exchange is found in the transcript:
THE COURT: He's saying you didn't respond to his discovery, that's why he's asking for a continuance.
[DEFENSE COUNSEL]: WeHe had propounded request for admission, interrogatories, request for production of documents, which we did respond to, quite extensive discovery requests. And then as soon as he got those, he applied for some more, and, Your Honor, it was becoming burdensome and we figured that because we were going to get out on our prescription, there was no need for us to continue to provide discovery, which is not relevant to the prescription exception, Your Honor.
THE COURT: Okay. So he just wanted to have his discovery done and the motion to compel heard at the same time as the prescription, which if it would be set at the same thing, I would have heard then I would have heard the prescription first, and if it's granted, the other is moot.
MR. SUMMERS: That's exactly right.
Following this exchange, the trial court granted the exception of prescription and denied the motion for continuance. Given the plaintiff's failure to carry his burden of proof on the exception of prescription and his failure to appear to present his motion to compel, we find no merit in his assertion that the trial court erred in its decision.

Opportunity to Amend
Finally, the plaintiff argues that the trial court erred in dismissing his case against the defendant with prejudice. He contends this dismissal is in violation of La.Code Civ.P. art. 934, which provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
In Broussard v. F.A. Richard & Associates, Inc., 99-10 (La.App. 3 Cir. 5/5/99); 740 So.2d 156, a panel of this court explained that the above article does not permit opportunity for speculation on unwarranted facts. Rather, the court explained that the right to amend one's petition is qualified by the requirement that the petition can be cured. Furthermore, the trial court is vested with discretion as to whether to permit such an amendment. Id. After review of the record and the plaintiff's assertions, we find no abuse of discretion in the trial court's determination that the plaintiff's petition could not be cured by amendment. We further point out that the defendant's exception of prescription was previously granted and, on remand, the plaintiff failed to amend his petition or offer proof of the timeliness of his action. This assignment lacks merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of *1261 this matter are assigned to the plaintiff, Dwane Smith.
AFFIRMED.