STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1210


DR. RITA RAE FONTENOT

VERSUS

DENISE MANUEL SAXBY


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-1535
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**David F. Dwight**
**1400 Ryan Street**
**Lake Charles, LA   70601**
**(337) 439-3138**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Denise Manuel Saxby**

**George J. Tate**
**Post Office Box 817**
**Abbeville, LA   70511-0817**
**(337) 893-8335**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Dr. Rita Rae Fontenot**

**Thomas J. Gayle**
**Gayle Law Firm**
**Post Office Box 3190**
**Lake Charles, LA   70602-3190**
**(337) 494-1220**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Melba Van Winkle**

**Randall E. Hart**
**1301 Common Street**
**Lake Charles, LA   70601**
**(337) 439-2450**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Dr. Hugh W. Raetzsch**

AMY, Judge.

The plaintiff, Dr. Rita Rae Fontenot (Fontenot), brought suit against the defendants alleging that she was entitled to relief because she was unaware that a certain piece of immovable property she acquired from the defendants was burdened with certain building restrictions. One of the defendants, Denise Manuel Saxby (Saxby), filed a motion for summary judgment asserting that she was entitled to judgment because the plaintiff had actual knowledge of the building restrictions. Another defendant, Melba Van Winkle (Van Winkle), filed an exception of no cause of action asserting that the plaintiff failed to state a claim on which relief could be granted because there was no privity of contract between her and the plaintiff. The trial court rendered judgment granting Saxby's motion for summary judgment and sustaining Van Winkle's exception of no cause of action. Fontenot appeals. For the following reasons, we affirm.

### Factual and Procedural Background

In 2002, Van Winkle was trying to sell a residential lot in the Cypress Park Subdivision in Calcasieu Parish. Her neighbors, Saxby and Hugh Raetzsch, offered to each purchase a portion of Van Winkle's lot. Van Winkle's lot was split into two tracts and sold with Saxby as the owner of Tract A and Raetzsch as the owner of Tract B. Since 1971, Cypress Park Subdivision was subjected to a set of restrictive covenants, building restrictions, which were recorded in the Calcasieu Parish records. Among the several restrictions, was a restriction which prohibited the construction of residences "on less than one lot as reflected on the subdivision plat."

In 2003, Saxby entered into an Act of Exchange with Fontenot, who also owned a lot in Cypress Park Subdivision. As a result of this exchange, Fontenot became the owner of Tract A of the lot formerly owned by Van Winkle.

The record reveals that approximately three years after the entering into the exchange with Saxby, Fontenot desired to build a residence on Tract A. However, Raetzsch informed her that she was prohibited from building a residence pursuant to the building restriction. One March 14, 2008, Fontenot filed suit against Saxby alleging that she was entitled to have the exchange declared a nullity or in the alternative for a judgment of dissolution and damages. In her petition she alleged, as follows:

> The sale is the result of silence on behalf of the seller Ms. Saxby by failing to disclose that this residential lot is not suitable for its intended use, i.e. Ms. Fontenot is barred from constructing a residence thereon. Furthermore, this caused error in the Exchange, and subjecting the Exchange to nullity.

Saxby responded to the petition by filing an Exception of No Cause of Action which alleged that Fontenot was not entitled to bring suit because the building restrictions existed at the time of exchange. Saxby also filed a Peremptory Exception of Prescription which argued that Fontenot's claims in redhibition has prescribed pursuant to Fontenot's actual knowledge of the "defect," which occurred more than one year prior to the suit, and Fontenot's constructive knowledge of the "defect," which occurred more than four years prior to the suit.

A hearing was held on October 15, 2008, wherein the trial court denied Saxby's Exception of No Cause of Action and granted the Peremptory Exception of Prescription. The trial court granted Fontenot an additional fifteen days to supplement and amend her petition.

Fontenot filed a supplemental and amended petition on January 15, 2009, naming Saxby, Raetzsch, and Van Winkle as defendants. This amended petition asserted actions in warranty of peaceable possession, failure to deliver a quality relied

2

upon by Fontenot, and general contract breach causes, including mistake. It alleged that Raetzsch disturbed her peaceful possession of Tract A when he informed her that she could not build a residence on that tract.

Saxby responded to the petition by filing a motion for summary judgment. In her motion, Saxby asserted in pertinent part as follows:

> Plaintiff's claim is styled as a call in warranty because the property is not fit for its intended purpose. First, this is in effect a claim for rehibitory or hidden defects. All such claims have prescribed. Second, plaintiff waived in the exchange deed all resolutory conditions. Third, plaintiff had actual and constructive notice of the recorded restrictive covenants.

Van Winkle responded by filing an exception for no cause of action and alleging that "[t]here is no cause of action under Louisiana law for a breach of warranty of fitness for a particular use against a predecessor in title that has no privity of contract with the purchaser."

After a hearing conducted on June 10, 2009, the trial court rendered judgment granting Saxby's motion for summary judgment and sustaining Van Winkle's exception of no cause of action. Fontenot now appeals.

**Discussion**

*Summary Judgment*

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Further, La.Code Civ.P. art. 966(C)(2) provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the

motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

On appeal, the court reviews a judgment granting or denying a motion for summary judgment de novo. *Cutsinger v. Redfern*, 08-2607 (La. 5/22/09), 12 So.3d 945. "Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law." *Id*. at 949.

*Implied Warranty - Fit For Intended Use*

Fontenot alleges that Saxby breached an implied warranty provided in the sale because the property was not fit for its intended use in that the building restrictions prohibited her from building a residence. Saxby asserts that the plaintiff had actual and constructive knowledge of the building restrictions and thus is precluded from alleging any breach of implied warranty.

Louisiana Civil Code Article 2475 provides the obligations of a seller as follows:

The seller is bound to deliver the thing sold and to warrant to the buyer ownership and peaceful possession of, and the absence of hidden defects in, that thing. The seller also warrants that the thing sold is fit for its intended use.

Further, the seller's warranty "also covers encumbrances on the thing that were not declared at the time of sale, with the exception of apparent servitudes and natural and legal servitudes, which need not be declared." La.Civ.Code art. 2500. While this warranty is implied in every sale, La.Civ.Code art. 2503, in pertinent part provides:

4

Nevertheless, the parties may agree to increase or to limit the warranty. They may also agree to an exclusion of the warranty, but even in that case the seller must return the price to the buyer if eviction occurs, unless it is clear that the buyer was aware of the danger of eviction, or the buyer has declared that he was buying at his peril and risk, or the seller's obligation of returning the price has been expressly excluded.

Louisiana Civil Code Article 775 defines building restrictions as follows:

Building restrictions are charges imposed by the owner of an immovable in pursuance of a general plan governing building standards, specified uses, and improvements. The plan must be feasible and capable of being preserved.

Further, La.Civ.Code art. 776 provides that:

Building restrictions may be established only by juridical act executed by the owner of an immovable or by all the owners of the affected immovables. Once established, building restrictions may be amended or terminated as provided in this Title.

Comment (C) of La.Civ.Code art. 776 states, in part:

By analogy to non-apparent servitudes, building restrictions must be created by title which, in order to be effective against third persons, must be recorded. In this respect, title means any juridical act: hence, restrictions may validly be established by declarations of intent made in the act of sale to the present owner, to an ancestor or in a separate document. By virtue of the public records doctrine, an acquirer of immovable property burdened with recorded restrictions is presumed to have notice.

Fontenot argues that she "had no idea that she was purchasing a residential lot which did not allow the construction of a residence." Further she asserts that "[a] review of the warranty exchange shows terms of full warranty, with neither identification of any building restrictions, nor waiver of their application[.]" Saxby however alleges that Fontenot's deposition, title opinion, and the exchange deed itself, defeats Fontenot's argument.

5

The Act of Exchange itself contains two relevant provisions as follows:

This Exchange is given and accepted subject to any and all servitudes, restrictions, mineral leases and reservations on file and of record in Calcasieu Parish, Louisiana.
. . .

All agreements and stipulations herein, and all the obligations herein assumed shall inure to the benefit of and be binding upon the heirs, successors, and assigns of the respective parties, and the BUYER, his heirs and assigns shall have and hold the described property in full ownership forever.

In her deposition, Fontenot denied being told of any building restrictions which encumbered Cypress Park Subdivision. However, when asked whether at the closing if the closing attorney ever read any portion of the document before she signed it, Fontenot replied "Well, he - - I don't know. I can't say for certain. I'm sure - - I'm sure he did something. I am sure he said something."

The record reflects that Fontenot hired an attorney to draft a title opinion. In that title opinion under the heading "Restrictions", the following provision is listed:

3.1 Restrictive Covenants were established by act dated October 27, 1971, as recorded in Conveyance Book 1168, page 791, and also attached to a Cash Sale Deed dated March 16, 1989, recorded under Clerk's file No. 2020478.

**REQUIREMENT:** None, advisory.

In her affidavit, Fontenot addresses the title opinion stating that "though Affiant contracted for a title opinion to be rendered in connection with the sale, she received no title opinion before the sale, during the closing, or after the sale - only a draft title opinion received during the summer of 2006, over two (2) years after the exchange." In her deposition she explained why she never received the title opinion stating:

But at the time when he rendered the title opinion, he mailed - - he says he mailed it to us in the month of June, and we never got it

6

> because nobody was living at the house that he mailed it to. We were living in Cypress Lake, which the address in Cypress Lake was 4000 Feet Street, Lake Charles, Louisiana 70611. So I had never - - even though John Everett had done the title opinion and - - he probably - - I'm sure he had it at the closing, but never discussed any restrictions with us at the closing at all.

The record reveals that the attorney who rendered the title opinion mailed the title opinion to the address for Fontenot provided on the Act of Exchange itself.

Additionally, the record indicates that prior to the exchange with Saxby, Fontenot purchased a home and lot in the Cypress Park Subdivision. In her deposition, she admitted that when she bought the previous home, she was provided an abstract, however she alleged that she never read that abstract.

As explained above, for Saxby to prevail on the motion for summary judgment it is necessary for her "to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La.Code Civ.P. art. 966(C)(2). Here, Saxby asserts that Fontenot will be unable to prove that she was unaware of the building restrictions. Thus the burden of proof shifts to Fontenot to show otherwise. La.Code Civ.P. art. 966(C)(2). The record supports that Fontenot will unable to prove at trial that she was not aware of the risk. It also reveals that the building restrictions at issue were properly recorded in the Calcasieu Parish conveyance records. In the Act of Exchange, it states that the exchange of property between Fontenot and Saxby is subject to all recorded restrictions. While Fontenot denies being told of any building restrictions, she admits that in her deposition testimony that she does not recall what was read or said to her at the closing. Fontenot does admit that it is her signature on the Act of Exchange.

A review of the evidence supports the trial court's granting of Saxby's motion for summary judgment because Fontenot failed to demonstrate that she will be able

to prove at trial that she was unaware of the building restrictions. According to La.Civ.Code art. 2503, a claim in warranty is defeated if the buyer was aware of the risk or if the parties agree to limit that warranty. The comments to La.Civ.Code art. 776 explain that one who acquires an immovable burdened with properly recorded building restrictions is presumed to have notice. In the present matter, the building restrictions were recorded, in addition to Fontenot signing an Act of Exchange purporting to limit the sale subject to any recorded building restrictions. There is a presumption that one who signs an instrument is aware of the contents of that instrument and bears the burden of proving they were deceived. *See e.g., Richard v. Glaude*, 08-1497 (La.App. 3 Cir. 5/6/09), 10 So.3d 1248. Fontenot puts forth no evidence that she was deceived or unaware of the document she signed. The evidence submitted in the motion for summary judgment reveals that Fontenot had every opportunity to discover the building restrictions of which she claims she was unaware. Fontenot has set forth no evidence which would support the view that she will be able to maintain her burden of proof at trial and, therefore, we find that the trial court was correct in granting the motion for summary judgment.

*Breach of Contract*

Fontenot also argues that the trial court erred in granting Saxby's motion for summary judgment because she is entitled to relief based upon a breach of contract under La.Civ.Code art. 2524 which provides:

> The thing sold must be reasonably fit for its ordinary use.
>
> When the seller has reason to know the particular use the buyer intends for the thing, or the buyer's particular purpose for buying the thing, and that the buyer is relying on the seller's skill or judgment in selecting it, the thing sold must be fit for the buyer's intended use or for his particular purpose.

If the thing is not so fit, the buyer's rights are governed by the general rules of conventional obligations.

Fontenot does not allege in her petition or brief that she relied on any skill or judgment of Saxby in choosing this particular piece of property and therefore cannot claim that under this article the thing was not fit for its intended use. *See Downs v. Hammett Properties, Inc.*, 39,568 (La.App. 2 Cir. 4/6/05), 899 So.2d 792. Accordingly, the record does not support that Fontenot is entitled to any review of her relief under the general rules of contract. *See* La.Civ. Code art. 2524.

On review, we find that the trial court properly granted Saxby's motion for summary judgment.

This assignment of error lacks merit.

*No Cause of Action*

Fontenot asserts that the trial court erred in granting Van Winkle's exception of no cause of action.

The function of the exception of no cause of action is to determine whether the law extends a remedy to anyone under the petition's factual allegations. *Fink v. Bryant*, 01-987 (La.11/28/01), 801 So.2d 346. The exception is triable on the face of the petition alone. *Id*. A petition's well-pleaded facts must be accepted as true. *Id*. On review, an appellate court considers the trial court's judgment as to the no cause of action de novo. *Id.*

Although it unclear from her petition what causes of action Fontenot asserts specifically against Van Winkle, Fontenot asserts that same factual basis and the same claims against Van Winkle as asserted against Saxby: breach of an implied warranty and contractual breaches. As explained above, La.Civ.Code art. 2475 obligates a seller to provide a thing fit for its intended use. However, Van Winkle does not owe

9

this obligation because Van Winkle was not the seller in the exchange that took place between Fontenot and Saxby. There is no privity of contract between Van Winkle and Fontenot and thus Fontenot cannot recover from a breach of this implied warranty.

In brief, Fontenot requests that if this court affirms the trial court's judgment sustaining Van Winkle's exception for no cause of action, that she be allowed to amend her petition according to La.Civ.Code art. 934 which provides, in part:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.

The right to amend one's petition is qualified by the requirement that the petition can be cured and does not afford a reviewing court an opportunity to speculate as to the validity of a claim on unwarranted facts. *Smith v. Ieyoub*, 01-1517 (La.App. 3 Cir. 3/6/02), 809 So.2d 1256. The record reveals that Fontenot never requested leave to amend her petition after the trial court sustained Van Winkle's exception. Further, Fontenot does not assert how she seeks to cure her petition if afforded an opportunity to amend her petition. Therefore, this court will not speculate on the validity of a claim in an amended petition and her request to amend her petition is denied.

## DECREE

For the forgoing reasons, the trial court's judgment granting Saxby's motion for summary judgment and sustaining Van Winkle's exception for no cause of action are affirmed. All costs of this appeal are assessed to the plaintiff-appellant, Dr. Rita Rae Fontenot.

**AFFIRMED.**