STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-15

MICHAEL BROUSSARD

VERSUS

LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20100399
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

************

J. DAVID PAINTER
JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and J. David Painter, Judges.

AFFIRMED.

Edward O. Taulbee, IV
Max Michael Menard
P.O. Box 2038
Lafayette, LA  70502
Counsel for Defendant-Appellant:
      Farm Bureaus Casualty Insurance Company

Kevin P. Tauzin
Yul D. Lorio
1228 Camellia Blvd., Suite A
Lafayette, LA  70508
Counsel for Plaintiff-Appellee:
      Michael Broussard

**PAINTER, Judge**

Defendant, Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), appeals the trial court's judgment granting Plaintiff, Michael Broussard, a summary judgment finding coverage under the Farm Bureau insurance policy. Finding that Plaintiff was entitled to judgment as a matter of law, we affirm the judgment of the trial court.

## FACTS

The facts herein are not at issue. On March 31, 2009, Michael Broussard was operating a 1996 Ford Mustang belonging to Brandy Oppenheimer. Broussard and Oppenheimer lived together and had a child together but were not married. Broussard had Oppenheimer's permission to drive her car. While driving on South College Road in Lafayette, Louisiana, Broussard was hit from behind by the pickup truck driven by Charles Renot. Renot was uninsured. Oppenheimer maintained uninsured motorist insurance on her vehicle and her insurer, GEICO Indemnity Insurance Company, tendered its $10,000.00 policy limits to Broussard.

At the time of the accident, Broussard owned a 2006 Hummer which was insured by Farm Bureau and had uninsured motorist coverage in the amount of $10,000.00 per person and medical payments in the amount of $5,000.00. Broussard made a demand for payment under Farm Bureau's uninsured motorist coverage which Farm Bureau denied.

On January 19, 2010, Broussard brought suit against Farm Bureau seeking payment under the uninsured motorist coverage on his 2006 Hummer. Farm Bureau answered Broussard's petition asserting that the policy did not cover the accident in that Broussard was operating a vehicle that was not listed in the policy. Farm Bureau filed a motion for summary

judgment on the issue of coverage. Broussard filed a cross motion for summary judgment. The trial court granted Plaintiff's motion finding that Broussard was entitled to recover under the Farm Bureau UM coverage. Farm Bureau appeals.

## DISCUSSION

### Summary Judgment

> Appellate courts review summary judgments *de novo*, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Schroeder v. Board of Supervisors of Louisiana State University*, 591 So.2d 342, 345 (La.1991). A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966(B). The summary judgment procedure, which is designed to secure the just, speedy, and inexpensive determination of civil actions, is now favored in our law. LSA-C.C.P. art. 966(A)(2). The summary judgment procedure is also an appropriate procedure for determining certain insurance coverage issues. *See*, *e.g.*, *Peterson v. Schimek*, 98-1712 (La.3/2/99), 729 So.2d 1024.

*Sensebe v. Canal Indem. Co*., 10-0703, p. 5 (La. 1/28/11), 58 So.3d 441, 445.

### Coverage

The trial court herein found in its written reasons for judgment that to exclude coverage would allow Farm Bureau to write a policy in derogation of La.R.S. 22:1295.

Louisiana Revised Statutes 22:1295(1) provides in pertinent part that:

> (c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subparagraph (1)(a) of this Section, then such limits of liability shall not be increased because of multiple motor vehicles covered under such policy of insurance, and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage

2

provision or policy; however, with respect to other insurance available, the policy of insurance or endorsement shall provide the following with respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, and the following priorities of recovery under uninsured motorist coverage shall apply:

(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary.

(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.

Farm Bureau cites the following policy language as excluding coverage for Broussard's accident:

d. This insuring policy does not apply: (1) To any automobile owned by or furnished for the regular use to either the named insured or a member of the same household.

and;

This policy does not apply: (g) Under division 1 of coverage to bodily injury to the insured, his spouse or members of household sustained while in or entering into or alighting from an automobile owned by the insured, his spouse, or members of the household except the one described in the declarations.

We agree, however, with the trial court that the policy language cannot change the requirements of the statute. *See Salvaggio v. Allstate Ins. Co.*, 08-585 (La.App. 3 Cir. 11/5/08); 997 So.2d 845.[1] The Farm Bureau policy seeks to exclude UM coverage for injuries sustained in a vehicle owned by someone in the same household as the insured. The law allows for an exclusion pertaining to a spouse or relative's policies. It cannot be interpreted to apply to the situation herein. "[T]he anti-stacking statute is not

---

[1] While this case was decided on a prior version of the statute, it continues to stand for the proposition that policy language cannot change the requirements of statute.

applicable when separate legal persons have entered into separate contracts with an insurer to provide coverage that does not include the other contracting person as an insured." *Hardy v. Augustine*, 10-384, pp. 3-4 (La.App. 3 Cir. 2/2/11), 54 So.3d. 1246 (citing *Boullt v. State Farm Mut. Auto. Ins. Co.*, 99-942 (La. 10/10/99), 752 So.2d 739). Therefore, the Farm Bureau policy is more restrictive than the law allows and cannot be given effect.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Defendant.

**AFFIRMED.**

4