# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 15-506

LOUISIANA ATTORNEY DISCIPLINARY BOARD

VERSUS

WADE P. RICHARD

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2012-10154
HONORABLE JULES D. EDWARDS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of James T. Genovese, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED AS AMENDED.**

Joseph E. Fick, Jr.
Newman, Mathis, Brady & Spedale
433 Metairie Road, Suite 600
Metairie, Louisiana 70005
(504) 837-9040
Counsel for Plaintiff/Appellee:
    Louisiana Attorney Disciplinary Board

**Wade P. Richard**
**In Proper Person**
**123 E. Ash Street**
**Crowley, Louisiana  70526**
**(337) 384-5025**
**Defendant/Appellant**

**KEATY, Judge.**

Defendant, Wade P. Richard, appeals the grant of summary judgment in favor of Plaintiff, the Louisiana Attorney Disciplinary Board (LADB), ordering him to pay the costs and expenses it incurred in investigating disciplinary charges that had been filed against him. For the following reasons, we affirm the judgment as amended herein.

## FACTS AND PROCEDURAL HISTORY

The facts in this matter are not in dispute. In 2009, the Office of Disciplinary Counsel (ODC) filed two sets of formal charges against Richard, a Louisiana attorney who was at the time on interim suspension from practicing law for threat of harm to the public. *See In re: Richard*, 06-256 (La. 2/15/06), 921 So.2d 103. The two sets of charges were consolidated, and after a hearing, the hearing committee determined that Richard had "violated Rules 1.15, 8.1(c), 8.4(b), and 8.4(c) of the Rules of Professional Conduct. The committee also found that by committing perjury during the hearing, [Richard] engaged in conduct prejudicial to the administration of justice, a violation of Rule 8.4(d), which was not charged in the formal charges." *In re Richard*, 10-1479 (La. 11/30/10), 50 So.3d 1284, 1287. The hearing committee recommended that Richard be disbarred, and thereafter, neither the ODC nor Richard objected. After reviewing the matter, the LADB concurred with the hearing committee's recommendation of disbarment. The ODC objected, seeking to have Richard permanently disbarred, and the matter was set for oral argument before the supreme court. *See* Supreme Court Rule XIX, § 11(G)(1)(b).

After review, the supreme court determined that:

[T]he record reflects that [Richard] forged a medical record at the request of a client whom he represented on drug charges. Based on [Richard]'s own testimony, it appears he suspected his client intended to take the forged record to buy drugs. Moreover, [Richard] was convicted of criminal mischief stemming from a violent physical altercation with his elderly father. This conduct violated Rules 8.4(b) and 8.4(c) of the Rules of Professional Conduct.

*In re Richard*, 50 So.3d at 1290. Having determined that Richard had "knowingly, if not intentionally, caus[ed] actual injury," the supreme court, in an opinion dated November 30, 2010, ordered that Richard be "disbarred, retroactive to February 15, 2006, the date of his interim suspension." *Id.* Richard was assessed with all costs and expenses "in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid." *Id.*

On February 9, 2012, the LADB filed a Petition for Monies Owed against Richard in the Fifteenth Judicial District Court for the Parish of Acadia, seeking payment of $5,743.20, with legal interest from November 1, 2011, and all costs of that proceeding. According to the petition, the LADB had made amicable demand upon Richard to no avail. Attached to the petition were three cost statements detailing the fees and expenses incurred in the disciplinary proceedings against Richard. The trial court entered a preliminary default against Richard on February 28, 2014, after he failed to appear or answer the petition that had been served upon him on February 7, 2014. Thereafter, Richard answered the petition in proper person, denying the allegations therein and contending that some of the charges were prescribed and/or irrelevant to the disciplinary proceeding at issue and, thus, not due.

The LADB filed a Motion for Summary Judgment, with an accompanying memorandum in support, in September of 2014, seeking a judgment granting the

relief prayed for in the petition. The LADB supported its motion with an affidavit of Lori M. Taylor, its Senior Accountant, who attested that the amount due for the disciplinary proceedings brought against Richard was $5,743.20, subject to a credit of $60.00. The motion was set for hearing on January 26, 2015. After the Sheriff was unable to serve the motion on Richard, the trial court granted the LADB's motion to appoint a special deputy for service. The record indicates that personal service of the motion was made on Richard on November 7, 2014.

Richard did not file an opposition to the motion for summary judgment, and after he failed to appear at the January 26, 2015 hearing, the trial court rendered judgment in open court in favor of the LADB. Written judgment was signed that day awarding the LADB the $5,743.20 as prayed for plus legal interest from the date of judicial demand and all costs, "subject to a credit of $.00." Richard appealed and is now before this court contending that the trial court erred in granting summary judgment in favor of the LADB because it offered no testimony or evidence to identify which costs related to which of the disciplinary complaints against him. Richard suggests that the costs of the unsuccessful investigations should be excluded from the cost statements. Finally, Richard submits that the trial court erred by failing to make the judgment subject to the $60.00 credit noted in Ms. Taylor's affidavit in support of the motion.

## DISCUSSION

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. 966(A)(2).

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for

3

summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

La.Code Civ.P. 966(B)(2).

The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. 966(C)(2).

When a motion for summary judgment is made and supported [with affidavits], an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

La.Code Civ.P. art. 967(B). "Appellate courts review summary judgments *de novo*, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate." *Broussard v. Louisiana Farm Bureau Cas. Ins. Co.*, 12-15, p. 2 (La.App. 3 Cir. 5/9/12), 91 So.3d 537, 539.

Supreme Court Rule XIX, § 10.1, entitled "Reimbursement of Costs and Expenses," provides as follows::

A. Assessment. Upon order of the court or the board, or upon stipulation, in any case in which a sanction is imposed upon a lawyer or a lawyer is transferred to disability inactive status, costs and expenses as herein defined may be assessed against the lawyer. Legal interest shall also be assessed on unpaid costs and expenses.

B. Costs. The term "costs" for the purposes of this rule shall include all obligations in money reasonably and necessarily incurred by the attorney disciplinary board in the performance of its duties under these rules, whether incurred before or after the filing of formal

4

charges. Costs shall include, by way of illustration and not of limitation:

(1) investigatory costs;
(2) charges for service of process;
(3) witness fees;
(4) the services of a court reporter;
(5) copying costs; and
(6) telephone charges.

C. Expenses. "Expenses" for the purposes of this rule shall mean a reasonable charge for attorney fees and administrative and staff expenses incurred by the attorney disciplinary board. The following amounts shall conclusively be presumed to be reasonable expenses:

. . . .

(5) For a matter which results in a disbarment or permanent disbarment, $2,000.

Supreme Court Rule XIX Appendix A, Rule 7, provides that a disciplined attorney who has been served with an "itemized statement of costs then incurred in the matter . . . shall have fifteen (15) days following service of the cost statement to file in the record and to serve on disciplinary counsel any objection to that cost statement."[1]

The LADB's motion for summary judgment was supported by an affidavit attesting to the amount of money Richard owed the LADB in conjunction with the disciplinary proceedings brought against him which resulted in his disbarment. At the hearing, the LADB offered as evidence the three cost statements that it had attached to its petition itemizing the fees and expenses that it sought to recover from Richard. We have performed a de novo review of the LADB's motion for summary judgment, and we conclude that it proved that there were no genuine issues of material fact. Given the law and the fact of Richard's disbarment, we

---

[1] Rule 7 gives the disciplined attorney an additional fifteen (15) days to object to any supplemental cost statement.

conclude that the LADB proved its entitlement to summary judgment in its favor. Thus, if Richard had any opposition to the motion, it was incumbent upon him to timely file that opposition in the trial court, or at the very least, to appear at the hearing to contest the motion. Instead of pursuing either course of action, Richard has chosen to present his arguments in opposition to the motion to this court on appeal in his appellate brief.

"This court is not one of first impression but, instead, an appellate court reviews evidence that was before the trial court." *Smith v. Ieyoub*, 01-1517, p. 4 (La.App. 3 Cir. 3/6/02), 809 So.2d 1256, 1259. In addition, "appellate briefs . . . are not part of the record on appeal." *Id.* In order to oppose the LADB's motion for summary judgment, Richard could not simply rest on the denials and assertions made in his answer to the LADB's petition. Moreover, since Richard's argument is not part of the record on appeal, we are precluded from considering it. Because Richard failed to "produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial," the LADB was entitled to judgment as prayed for as a matter of law. La.Code Civ.P. 966(C)(2).

Nevertheless, the LADB concedes in its appellate brief that Richard is entitled to the $60.00 credit noted in Ms. Taylor's affidavit because the actual cost of publication of his disbarment was less than what it had estimated. Accordingly, we amend the judgment to provide that the amount owed by Richard is subject to a $60.00 credit.

## DECREE

For the foregoing reasons, the judgment in favor of the Louisiana Attorney Disciplinary Board and against Wade P. Richard is affirmed as amended to reflect a credit of $60.00. All costs of this matter are assessed against Wade P. Richard.

**AFFIRMED AS AMENDED.**