740 So.2d 156 (1999)
Kristine E. BROUSSARD, et al., Plaintiffs-Appellants,
v.
F.A. RICHARD & ASSOCIATES, INC., et al., Defendants-Appellees.
No. 99-10.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1999.
*157 Scott James Pias, Lake Charles, for Kristine E. Broussard et al.
L. Paul Foreman, Lake Charles, for F.A. Richard & Associates, Inc., et al.
Nancy Jane Marshall, New Orleans, for Stockwell, Sievert et al.
Jeffrey M. Burmaster, New Orleans, Elton A. Foster, for West-Cal Construction Co., Inc.
BEFORE: YELVERTON, THIBODEAUX, and SULLIVAN, Judges.
YELVERTON, J.
Plaintiff Kristine Broussard sued individually and as administratrix of the estate of her deceased husband, Brunie Broussard, and as natural tutrix of their minor child, Samantha Broussard, seeking wrongful death damages against F.A. Richard & Associates, Inc. (F.A. Richard). She alleges that F.A. Richard intentionally and negligently withheld a medical report from Mr. Broussard which recommended that he undergo surgery to correct his back problems. Essentially, Mrs. Broussard claims that this conduct ultimately caused Mr. Broussard's death by suicide. The trial court granted F.A. Richard's exception *158 of no cause of action. Plaintiff appeals. We affirm.

FACTS
In November 1991 Mr. Broussard injured his back while working for West-Cal Construction Company, Inc. (West-Cal). F.A. Richard was West-Cal's claims administrator and investigated and processed Mr. Broussard's workers' compensation claims brought against West-Cal.
After Mr. Broussard filed suit against West-Cal for benefits, he was examined by Dr. William Foster who concluded that surgery, a diskectomy, could alleviate Mr. Broussard's pain. F.A. Richard chose another doctor, Jack Hurst, to examine Mr. Broussard and notified him of the date and place of the examination. After the examination Dr. Hurst prepared a report dated January 20, 1993, confirming Dr. Foster's diagnosis and the need for surgery to relieve the back and leg pain.
Dr. Hurst's report was sent to F.A. Richard on January 25. F.A. Richard then faxed a copy of the report to West-Cal's attorney, Brian Coody of Stockwell, Sievert, Viccellio, Clements, and Shaddock, L.L.P., who was handling Mr. Broussard's compensation claim against West-Cal. However, neither F.A. Richard nor anyone else provided a copy of Dr. Hurst's report to Mr. Broussard or his attorney.
Although Mr. Broussard had already demanded surgery based on what his own doctor had recommended, surgery was never provided. On December 9, 1993, Mr. Broussard committed suicide.
The workers' compensation claim against West-Cal was heard on April 3, 1995. It was allegedly at this trial that the family learned of Dr. Hurst's report confirming that Mr. Broussard needed surgery.
Kristine Broussard, in her various capacities, filed the petition for wrongful death damages against F.A. Richard in March 1996 alleging that F.A. Richard's failure to provide the medical report and failure to authorize the surgery led to Mr. Broussard's death by suicide. F.A. Richard filed an exception of no cause of action (along with other exceptions now moot). Mrs. Broussard then filed an amending petition. She filed a second amending petition in November 1997. F.A. Richard amended its exception of no cause of action. The exception was argued in March 1998. In response to Mrs. Broussard's request that the matter be continued to grant her time to further amend her petition, the trial judge gave her an additional thirty days. In April 1998 the exception was rescheduled for hearing for June 1998.
In May Mrs. Broussard filed her "Third Amended and Restated Petition for Wrongful Death Damages." Mrs. Broussard alleged that F.A. Richard individually owed a duty to Mr. Broussard to furnish Dr. Hurst's report and that F.A. Richard intentionally and negligently breached its duty to Mr. Broussard in failing to do so. The exception was heard, and the trial judge granted it dismissing Mrs. Broussard's suit with prejudice. The court found that the petition failed to state a cause of action due to the exclusivity of the Workers' Compensation Act. A judgment to this effect was signed September 18, 1998. This judgment is what is now before us on appeal.[1]

*159 LAW
The peremptory exception of no cause of action tests the sufficiency of the plaintiffs petition. Buller v. Falcon Rice Mill, Inc., 95-644 (La.App. 3 Cir. 11/2/95); 664 So.2d 509. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.P. art. 931. Therefore, when testing the legal sufficiency of the petition, the court may only look to the face of the petition to decide if there are facts sufficient to support a cause of action. Guidry v. Gueydan Co-op. Dryer, Inc., 97-874 (La.App. 3 Cir. 12/10/97); 706 So.2d 146, writ denied, 98-1001 (La.5/29/98); 720 So.2d 335. All allegations in the petition are accepted as true, and any doubts are to be resolved in favor of the sufficiency of the petition. Weber v. State, 93-0062 (La.4/11/94); 635 So.2d 188.
Mrs. Broussard's argument that she has stated a cause of action in her petition is premised on the holding in Weber v. State, 635 So.2d 188. In Weber the plaintiffs, survivors of the deceased employee Charles Weber, sued the State, Weber's employer, based on the State's intentional refusal to authorize a heart transplant recommended by Weber's physician and the Office of Workers' Compensation. The treating physician had advised both Weber and the State that his condition was terminal unless he received a heart transplant. When the State refused to authorize this procedure, Weber brought the matter before the Workers' Compensation Office which likewise recommended that the State pay all medical expenses related to the transplant. Still, the State refused to authorize the treatment. Weber died approximately one month later before he was able to seek judicial intervention. Id. In the action at the trial level, the State filed a peremptory exception of no cause of action asserting that the Workers' Compensation Act was the plaintiffs' exclusive remedy, and therefore, plaintiffs could only claim attorney's fees and penalties as authorized by La.R.S. 23:1201 and 1201.2. Both the trial court and court of appeal dismissed plaintiffs' action. The supreme court, however, held that the State's alleged conduct, if proved, could result in liability for damages beyond the remedies provided in the Workers' Compensation Act. The court limited this to situations where the employer "knew to a substantial certainty the denial would cause death that would not have otherwise occurred." Weber, 635 So.2d at 194. Further, the court stated,
This is a narrow exception to the general rule that penalties and attorney's fees are the exclusive remedy for the employer's misconduct in handling the administration of compensation claims. The exception applies only when there is intentional conduct and when the employer acts arbitrarily despite knowledge that death is substantially certain to follow.
Id.
The court found that the petition stated a cause of action.
In the instant case plaintiff suffered a debilitating back injury and benefits were paid accordingly. Dr. Hurst rendered a written report which recommended that surgery be performed. Dr. Hurst's report was withheld and not acted upon. However, Mr. Broussard's injuries were not life-threatening. The petition did not allege that the opinion of Dr. Hurst or any other medical evidence advised the alternative of surgery or death by suicide. The petition and its amendments never alleged that F.A. Richard knew to a substantial certainty that the refusal to allow Mr. Broussard's back surgery would result in his death by suicide. The petition does not state a cause of action that would fit the narrow exception allowed by Weber.
Mrs. Broussard asks in the alternative that we remand to the trial court to give her more time to amend her petition. *160 Louisiana Code of Civil Procedure Article 934 states that the court shall order amendment when the grounds of the objection pleaded in the peremptory exception may be removed by such amendment. However, the court shall dismiss the action when the grounds for the objection cannot be removed.
Mrs. Broussard has filed three amending petitions in response to F.A. Richard's exception of no cause of action. After the third supplemental and amending petition the trial judge wrote:
This court understands the jurisprudential requirement that petitions be read and construed liberally to afford a cause of action. This has been done. The petition satisfied the requirement that there be intentional conduct in that the failure to supply the report was intentional. However, there is nothing alleged in the petition to establish that Richard knew that it was substantially certain that Broussard's death would result from the failure to furnish the report, or for that matter, the surgery itself.
The trial court then ruled that the petition failed to state a cause of action so as to avoid the exclusive remedies under the Workers' Compensation Act.
We will not allow Mrs. Broussard to again amend her petition in the instant case. Article 934 does not require that the plaintiff be provided the opportunity to speculate on unwarranted facts merely for the purpose of defeating the exception. Miller v. Everett, 576 So.2d 1162 (La.App. 3 Cir.1991). The right to amend one's petition is qualified by the restriction that the objections to the petition be curable. Further, the decision to allow amendment is within the discretion of the trial court. Doe v. Entergy Services, Inc., 608 So.2d 684 (La.App. 4 Cir.1992), writ denied, 613 So.2d 978 (La.1993), cert. denied, 510 U.S. 816, 114 S.Ct. 66, 126 L.Ed.2d 35 (1993).
The trial court did not abuse its discretion. While the only procedural question before us is whether the petition and its amendments state a cause of action on their composite face, we are justified in searching the record to determine if the trial judge might have abused his discretion in finding that the cause-of-action objection was not curable. There is nothing in the record to suggest that F.A. Richard knew to a substantial certainty that Mr. Broussard's death would likely result by its refusal to make Dr. Hurst's medical report available to Mr. Broussard. Under the circumstances, amendment would be a vain and useless act.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiffs.
AFFIRMED.
NOTES
[1] This is the third time that claims relating to the suicide of Mr. Broussard have been before this court. In Broussard v. West-Cal Const. Co., Inc., 96-18 (La.App. 3 Cir. 6/12/96); 676 So.2d 743, a workers' compensation appeal, the factual finding that the deceased was not informed of Dr. Hurst's findings was affirmed, and an award of attorney's fees for West-Cal's arbitrary and capricious untimely payments of medical bills and non-authorization of surgery was found to have been proper. More recently, in Broussard v. F.A. Richard & Assc., Inc., 98-1167 (La.App. 3 Cir. 3/17/99); 732 So.2d 578, this court dealt with an issue of prescription in a tort claim asserted by Mr. Broussard's survivors against the attorneys representing West-Cal, Mr. Broussard's employer. That claim sought wrongful death damages against those defendants for withholding Dr. Hurst's medical report. The plea of prescription was overruled.