# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 14-1232

**CAROLYN D. DEAL**

**VERSUS**

**J. PHIL HANEY, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 125370
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, John D. Saunders, Jimmie C. Peters, Marc T. Amy, Elizabeth A. Pickett, Billy H. Ezell, J. David Painter, James T. Genovese, Shannon J. Gremillion, Phyllis M. Keaty, and John E. Conery, Judges, En Banc.

**AFFIRMED AS AMENDED.**

Peters, Ezell, Painter, Keaty, Conery, JJ., concur but would award additional sanctions of $2,500.00 for the appeal.

Cooks, J., concurs in part and dissents in part with written reasons.

**Carolyn D. Deal**
**Attorney at Law**
**116 Field Street**
**New Iberia, LA 70560-4487**
**(337) 414-0260**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Carolyn D. Deal**

**J. Phil Haney, District Attorney**
**16th Judicial District**
**Courthouse Building**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 394-2220**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**District Attorney for the Sixteenth Judicial District of the State of Louisiana**

**Chester R. Cedars, Assistant District Attorney**
**16th Judicial District**
**St. Martin Parish Courthouse, 1st Floor**
**415 South Main Street**
**St. Martinville, LA 70582**
**(337) 394-2220**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Assisstant District Attorney for the Sixteenth Judicial District of the State of Louisiana**

**Carey T. Jones**
**Attorney at Law**
**1234 Del Este Avenue, Suite 803**
**Denham Springs, LA 70720**
**(225) 664-0077**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Tom Schedler, in his official capacity as Louisiana Secretary of State**

**Celia R. Cangelosi**
**Attorney at Law**
**5551 Corporate Blvd., Suite 101**
**Baton Rouge, LA 70808**
**(225) 387-0511**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Tom Schedler, in his official capacity as Louisiana Secretary of State**

**GREMILLION, Judge.**

Carolyn D. Deal (Deal) appeals the dismissal of her suit against Defendants, J. Phil Haney (Haney), in his capacity as District Attorney for the Sixteenth Judicial District in and for the State of Louisiana; Chester R. Cedars (Cedars), in his capacity as Assistant District Attorney for the Sixteenth Judicial District in and for the State of Louisiana; and Tom Schedler (Schedler), in his official capacity as Secretary of State in and for the State of Louisiana. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On August 21, 2014, Deal filed a Notice of Candidacy averring that she was qualified to run for the seat of District Judge, Division H, Sixteenth Judicial District, in Iberia Parish, Louisiana. On October 15, 2014, the District Attorney for the Sixteenth Judicial District filed a petition on behalf of the State to disqualify and enjoin Deal's candidacy because she had not been admitted to practice law in Louisiana for the requisite eight years mandated by the Louisiana Constitution. The matter was heard on October 24, 2014. Both parties submitted evidence and gave oral argument at the hearing. Deal stipulated in open court that she had been admitted to the practice of law in Louisiana on October 29, 2007. The trial court granted the State's petition and signed a judgment ordering Deal to withdraw her candidacy for the district judge's seat in the upcoming primary election set for November 4, 2014.

This court granted Deal's writ application as well as her request for a stay of the trial court's order to withdraw her candidacy. Finding that the writ application was timely taken from an appealable judgment, we converted the writ to an appeal, ordered the record from the trial court, and set the matter for an en banc hearing on an expedited basis. Because this court stayed the trial court's order for Deal to

withdraw her candidacy due to her not meeting the requisite qualifications, the election went forward with Deal's name on the ballot as a viable candidate.

Following the election, we took judicial notice of the Secretary of State's election results in the November 4, 2014 election. Three candidates were on the ballot, and Deal obtained only 9% of the votes. This court then dismissed Deal's appeal as moot, recalled the stay, and assessed costs to Deal; and the Louisiana Supreme Court denied Deal's writ application. *State v. Deal*, 14-1144 (La.App. 3 Cir. 11/5/14), ___ So.3d ___, *writ denied*, 14-2368 (La. 11/13/14), ___ So.3d ___[1].

On November 13, 2014, Deal filed a "Petition Initiating Electin [sic] Contest, Request for Injunctive Relief Regarding Due Processed [sic] Claim or in the Alternative, a Temporary Stay Until Resolution by the Louisiana Supreme Court on Writ of Certiorari." Deal sought to have the election declared void and to have a new election held. Haney and Cedars, in their official capacities as, respectively, District Attorney and Assistant District Attorney for the Sixteenth Judicial District of the State of Louisiana, filed an exception of no right of action alleging that the relief sought by Deal did not fall with the ambit of La.R.S. 18:1463. Schedler, in his official capacity as Louisiana Secretary of State, filed exceptions of vagueness, no cause of action, and failure to join necessary parties. On November 18, 2014, following a hearing on the exceptions, the trial court signed a judgment which granted the exception of no cause of action filed by Schedler; granted the exception of no right of action filed by Haney and Cedars; dismissed Deal's claims in their entirety; and granted Haney and Cedars' motion for sanctions under La.Code Civ.P. art. 863, ordering Deal to pay $2,500.00.

Deal now appeals.

---

[1] Five Justices denied the writ, and two indicated that they would deny the writ as moot.

2

## DISCUSSION

In *Fink v. Bryant*, 01-987, pp. 3-4 (La. 11/28/01), 801 So.2d 346, 348-49 (citations omitted), the Louisiana Supreme Court stated:

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true.

The standard of review for the exception of no cause of action is de novo, and the well pleaded facts of the petition must be taken as true. *Richard v. Apache Corp.*, 12-441 (La.App. 3 Cir. 3/20/13), 111 So.3d 1156, *writs denied*, 13-865, 13-869 (La. 6/21/13), 118 So.3d 416.

Deal contends that the trial court erred in dismissing her suit and sanctioning her. We disagree. As a threshold matter, we note that most paragraphs of Deal's petition are moot as they pertain to the District Attorney's suit for injunctive relief prior to the election.

In her petition, Deal makes the following allegations: (1) "except for substantial irregularities or error, and except for fraud or other unlawful activities in the conduct of an election, she would have qualified for a general election or would have been elected;" (2) that "other unlawful activities that fall under" La.R.S. 18:1461(A)(1)[2] were committed against her by "fiduciaries in a position of authority" two weeks prior to the election which "contaminat[ed] the information provided to the public before voting causing the voters to be disenfranchised as to choice of candidates" and prohibited her from "participating in the electoral

---

[2] We note that La.R.S. 18:1461 is entitled "Bribery of Voters; penalties." Bribery is not alleged and need not be addressed in this opinion.

3

process" and denied her right to due process; and (3) that voters were confused as to whether Deal was a valid candidate or if their vote would count if they voted for her because of the information given to the public in various publications.

Haney and Cedars, in their official capacities, assert that the allegations set forth by Deal do not state a right of action against them. Schedler, in his official capacity, asserts that the allegations do not state a cause of action because under La.R.S. 18:1406(B), there would have to be specific allegations that a specific number of votes would reverse the outcome of the election or that the voters did not have an opportunity to express their will in the election.

Defendants also note that even though the Louisiana Supreme Court denied Deal's writ application prior to the instant hearing on the exceptions, Deal did not withdraw her request for injunctive relief or a stay of the proceedings pending resolution by the Louisiana Supreme Court.

We again take judicial notice of the official election results by the Louisiana Secretary of State. According to those results, Alisia Johnson Butler (Butler) received 3,874 votes for 34% of the votes, Deal received 1,077 votes for 9% of the votes, and the Honorable Lori A. Landry (Judge Landry) received 6,594 votes for 57% of the votes.

Louisiana Revised Statutes 18:1401(B) provides: "A candidate who alleges that, except for substantial irregularities or error, or except for fraud or other unlawful activities in the conduct of the election, he would have qualified for a general election or would have been elected may bring an action contesting the election." In this case, the first part of the statute is not at issue. Deal was not prevented from entering the race, and her name was not removed from the ballot. Thus, she must prove the second part of the statute that she would have been elected.

4

In order for Deal to show that she would have been elected, she would have to allege sufficient facts, if proven true, that she would have received enough votes to win or to enter a run-off election with the incumbent judge, Judge Landry. This means that Deal and Butler would have to have received at least 5,773 votes, with Deal receiving more votes than Butler.

There are no allegations in the petition which could be construed as showing what number of votes Deal would have received. Therefore, we agree with the trial court that Deal has failed to state a cause of action. Deal has made no concrete allegations of fact tending to support the conclusion that the outcome of the election would have been different. She alleges only that she received "a call" from "a voter" who allegedly stated that "many people" were confused as to whether she was a valid candidate or if their vote for her would count. This is nothing more than mere speculation. "Proof which establishes only possibility, speculation, or unsupported probability does not suffice to establish a claim." *Todd v. State, Dept. of Social Servs., Office of Community Serv*s., 96-3090, p. 16 (La.9/9/97), 699 So.2d 35, 43 (citations omitted). Louisiana Code of Civil Procedure "Article 934 does not require that the plaintiff be provided the opportunity to speculate on unwarranted facts merely for the purpose of defeating the exception." *Broussard v. F.A. Richard & Assocs., Inc.*, 99-10, p. 7 (La.App. 3 Cir. 5/5/99), 740 So.2d 156, 160, *writ denied*, 99-1048 (La.6/4/99), 744 So.2d 625 (citations omitted).

Louisiana Code of Civil Procedure Article 934 states that:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

5

"The right to amend is not absolute." *Whitney Nat. Bank v. Jeffers*, 573 So.2d 1262, 1265 (La.App. 4 Cir. 1991). A trial court has discretion in its decision whether to allow amendment of the petition after the sustaining of an exception of no cause of action; leave to amend is not required when it would constitute "a vain and useless act." *Broussard*, 740 So.2d at 160. "Thus, while the mandatory nature of the right to amend is clear and unambiguous, it is notably qualified by the restriction that the objections must be curable." *Whitney Nat. Bank*, 573 So.2d at 1266, *citing Suttles v. Gibson*, 422 So.2d 1308 (La.App. 5 Cir. 1982).

In this instance, the trial court did not permit amendment of the pleadings by Deal. We find, however, that even if allowed leave to amend, Deal would be unable to cure the defects. The election was held with Deal's name on the ballot, and she has cited no viable irregularities under the Election Code. Assuming arguendo that the public was confused, even Deal admits in brief that: "It cannot be determined how many votes [Deal] would have obtained had the public not been confused by the information supplied to the press by defendants." A press release does not constitute an irregularity for which the Election Code provides a remedy. Furthermore, even if Deal were allowed leave to amend her petition, she would be unable to state a cause of action because she cannot cure the fact that she has not been admitted to practice law for at least eight years under the constitutional mandate of La.Const. art. 5, § 24[3].

---

[3] Louisiana Constitution Article 5, §24 reads as follows:

　　　　(A) A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been domiciled in the respective district, circuit, or parish for one year preceding election and shall have been admitted to the practice of law in the state for at least the number of years specified as follows:

　　　　(1) For the supreme court or a court of appeals--ten years.

6

We find that the allowance of any amendment would be a vain and useless act. We find no error in the trial court's ruling even though it did not permit amendment "because the right to amend is qualified by the restriction that the objections to the petition must be curable and the decision to allow amendment is within the discretion of the trial court." *Doe v. Entergy Servs., Inc.*, 608 So.2d 684 (La.App. 3 Cir. 1992), *writ denied*, 613 So.2d 978 (La.1993), *cert. denied*, 114 S.Ct. 66, 510 U.S. 816.

This court finds that Deal has failed to state a cause of action with respect to all of the named defendants, including Haney and Cedars. Therefore, we affirm the judgment dismissing all claims against Schedler for failure to state a cause of action, and we amend the judgment to reflect that all claims are dismissed as to Haney and Cedars for failure to state a cause of action. As such, we need not reach the merits of the exception of no right action because it is moot. Furthermore, like the trial court, we pretermit any finding on the additional exceptions filed by Defendants.

In *Acosta v. B.B. Oilfield Services, Inc.*, 12-122, p. 6 (La.App. 3 Cir. 6/6/12), 91 So.3d 1263, 1267, this court stated:

> When considering the imposition of sanctions on appeal, an appellate court must apply two standards of review which are explained as follows:
>
> > A trial court's determination regarding the imposition of sanctions is subject to the manifest error or clearly wrong standard of review. Once the trial court finds a violation of La. [Code Civ.P.] art. 863 and imposes sanctions, the determination of the type and/or the amount of the sanction is reviewed on appeal utilizing

---

(2) For a district court, family court, parish court, or court having solely juvenile jurisdiction--eight years.

(B) He shall not practice law.

the abuse of discretion standard. *Stroscher v. Stroscher*, 2001-2769 (La.App. 1st Cir.2/14/03), 845 So.2d 518, 526; *Connelly v. Lee*, 96-1213 (La.App. 1st Cir.5/9/97), 699 So.2d 411, 414, *writ denied*, 97-2825 (La.1/30/98), 709 So.2d 710.

*Slaughter v. Bd. of Sup'rs of S. Univ. and Agric. and Mech. Coll.*, 10-1114, p. 6 (La.App. 1 Cir. 8/2/11), 76 So.3d 465, 469-70, *writ denied*, 11-2112 (La.1/13/12), 77 So.3d 970; *Mor-Tem Risk Mgmt. Servs., Inc. v. Shore*, 43,169 (La.App. 2 Cir. 3/19/08), 978 So.2d 588.

Because we have upheld the dismissal of Deal's suit and found that the allowance of an amendment would be a vain and useless act, we find no manifest error in the trial court's award of sanctions against Deal and no abuse of discretion in setting the amount at $2,500.00. We decline, however, to award additional sanctions on appeal as requested by Haney and Cedars.

## DECREE

For the foregoing reasons, we affirm the judgment of the trial court dismissing Deal's claims in their entirety against Schedler for failure to state a cause of action. Further, we amend the judgment to dismiss Deal's claims in their entirety against Haney and Cedars for failure to state a cause of action. We affirm the award of sanctions in the amount of $2,500.00 against Deal. Costs of this appeal are assessed to Plaintiff/Appellant, Carolyn D. Deal.

**AFFIRMED AS AMENDED.**