# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 16-139

JULIAN W. LONG, EVA Z. LONG, AND
LONG'S PREFERRED PRODUCTS, INC.

VERSUS

CHARLES D. ELLIOTT AND
VILAR & ELLIOTT, LLC

\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 249,982-F
HONORABLE GEORGE C. METOYER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*

Court composed of James T. Genovese, Phyllis M. Keaty, and David Kent Savoie, Judges.

AFFIRMED AS AMENDED.

**Wade T. Visconte**
**All American Law Firm of LA, LLC**
**1527 Doctors Drive**
**Bossier City, Louisiana 71111**
**(318) 918-1245**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Julian W. Long, Eva Z. Long, and**
**Long's Preferred Products, Inc.**


**Herschel E. Richard, Jr.**
**David J. Hemken**
**Cook, Yancey, King & Galloway**
**333 Texas Street, Suite 1700**
**Post Office Box 22260**
**Shreveport, Louisiana 71120-2260**
**(318) 227-6266**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Charles D. Elliott and**
**Vilar & Elliott, LLC**

**GENOVESE, Judge.**

In this legal malpractice case, Defendants, Charles D. Elliott and Vilar & Elliott, LLC (hereinafter collectively referred to as "Elliott"), filed an exception of peremption asserting Plaintiffs, Julian W. Long, Eva Z. Long, and Long's Preferred Products, Inc. (hereinafter collectively referred to as "the Longs"), filed their malpractice claim beyond the three-year peremptive period set forth in La.R.S. 9:5605. The trial court sustained the peremptory exception and dismissed with prejudice all claims asserted against Elliott by the Longs. The Longs appeal. For the following reasons, we affirm as amended the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

At the outset, we note that the record reflects that this appeal follows the judgment rendered after the Longs were granted a new trial. The Longs filed their malpractice claim pro se, and, at the time of the first hearing on Elliott's exception, the Longs represented themselves. The trial court sustained the exception. The Longs, through retained counsel, motioned for and were granted a new trial. Elliott filed a writ application seeking supervisory review, which this court denied. *Long v. Elliott*, 15-104 (La.App. 3 Cir. 3/4/15) (unpublished writ). The present appeal follows the second decree sustaining Elliott's peremptory exception.

The Longs filed this legal malpractice claim on April 28, 2014, relative to Elliott's handling of the Longs' purchase of Linda Minton's shares of stock in Long's Preferred Products, Inc.[1] The Longs alleged that Elliott committed malpractice by failing to "provide an escape clause" in the sale "should [they] fail

---

[1]Julian W. Long and his sister, Linda Minton, each owned one-half the shares of Long's Preferred Products, Inc. Linda Minton owned her shares through H.C. Chemicals, Inc. The sale of Linda Minton's shares to Julian Long is the transaction from which the legal malpractice claims arise.

to qualify for the proposed loan." They asserted Elliott's negligence "caused [them] to suffer damages . . . of being saddled with a $500,000.00 original note" as a result of being unable to nullify the sale after they did not qualify for a loan.

Elliott filed an exception of peremption, asserting more than three years had passed since the date of the alleged act of malpractice upon which the Longs' claims were based, and thus, the Longs' claims were perempted under La.R.S. 9:5605. He alleged that on March 28, 2011, the Longs agreed to the Terms of Sale regarding the stock purchase, and he argued this was the alleged act of malpractice upon which their claims were based; therefore, the Longs' suit, filed more than three years later, was perempted. Elliott asserted, in the alternative, that more than one year had passed since the alleged act of malpractice was discovered, and thus, the Longs' claims were also prescribed under La.R.S. 9:5605. He alleged that on August 23, 2011, the Longs learned they were going to be sued for defaulting on the promissory note, and he argued this revealed the sale could not be nullified; therefore, the Longs' suit filed more than one year later was prescribed.

The Longs opposed the exception, arguing that their claims stem from the Credit Sale and Promissory Note, which they signed on April 29, 2011, and that their damages did not begin to accrue until their loan was denied in August 2011. The Longs also claimed that they did not know they had a claim for legal malpractice until they consulted with another attorney, Dan Brenner, on May 24, 2013. They asserted they could not have known they had a claim for legal malpractice because Elliott continued to represent them, and, in so doing, he prevented them from discovering the malpractice.

An evidentiary hearing was held on Elliott's exception of peremption at which the parties submitted evidence and testimony. Following the hearing, the

trial court ruled that the alleged act of malpractice which triggered the running of the peremptive period was the parties' agreement to the Terms of Sale on March 28, 2011; therefore, the Longs' lawsuit filed on April 28, 2014 was preempted. Judgment sustaining Elliott's exception of peremption was signed August 24, 2015. The Longs appeal.

## ASSIGNMENTS OF ERROR

On appeal, the Longs assign the following errors for our consideration:

1. The trial court erred as a matter of law in granting the defendants' exception of peremption based on the "March 28th" date because "damages" were not suffered until August of 2011 when financing for the stock purchase failed. Additionally, the plaintiffs did not have "knowledge" of their claim until May of 2013 when the plaintiffs were informed of defendants' malpractice by Dan Brenner, attorney at law.

2. The trial court erred as a matter of law in denying the appellants leave to amend and supplement their Petition to remove the grounds of defendants' exception of peremption.

## STANDARD OF REVIEW

In *Lomont v. Bennett*, 14-2483, p. 8 (La. 6/30/15), 172 So.3d 620, 627, *cert. denied*, 136 S.Ct. 1167 (2016) (citations omitted), our supreme court set forth the appellate standard of review applicable to a peremptory exception as follows:

> At a hearing on a peremptory exception of prescription pleaded prior to trial, evidence may be introduced to support or controvert the exception. In the absence of evidence, an exception of peremption must be decided upon the facts alleged in the petition with all of the allegations accepted as true. However, when evidence is introduced, the court is not bound to accept plaintiff's allegations as true. If evidence is introduced at the hearing on the peremptory exception of peremption, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. If those findings are reasonable in light of the record reviewed in its entirety, an appellate court cannot reverse even though convinced that had it been sitting as a trier of fact, it would have weighed the evidence differently.

In light of the fact that evidence was introduced at the hearing, we must review the entire record to determine whether the trial court manifestly erred in making its factual conclusions.

## LAW AND DISCUSSION

"Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La.Civ.Code art. 3458. "Peremption may not be renounced, interrupted, or suspended." La.Civ.Code. art. 3461. Louisiana Revised Statutes 9:5605(A) (emphasis added) provides the legal malpractice peremption and prescription periods as follows:

> **No action for damages against any attorney** at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, **arising out of an engagement to provide legal services shall be brought unless filed** in a court of competent jurisdiction and proper venue **within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.**

Our review of the record in this case reveals that Elliott represented the Longs in shareholder derivative actions against Linda Minton relative to ownership and management of Long's Preferred Products, Inc. An agreement to settle was purportedly reached in early 2011 which entailed a buy-out agreement—the Longs agreed to purchase Linda Minton's shares of stock in Long's Preferred Products, Inc., for $500,000.00. Counsel for Linda Minton prepared the Terms of Sale—this document enumerated specifications which the parties agreed to and which were to

4

be incorporated in subsequent formal closing documents. There is no dispute the parties agreed to the Terms of Sale on March 28, 2011. Elliott prepared the Credit Sale and Promissory Note. On April 29, 2011, the parties signed the Credit Sale and $500,000.00 Promissory Note made payable in full to H.C. Chemicals, Inc. on or before August 5, 2011. On August 11, 2011, the Longs were made aware of the fact that their loan was denied. On August 23, 2011, the Longs were made aware of the fact that they would be sued for defaulting on the note.

On appeal, the Longs argue the trial court erred in finding that the event which triggered the tolling of the peremptive period occurred on March 28, 2011, instead of August 2011, because August 2011 was when their loan was denied and their damages suffered. The Longs reiterate that they did not have knowledge of their legal malpractice claim until May 2013 when they met with another attorney, Dan Brenner.

By agreeing to the Terms of Sale on March 28, 2011, the Longs obligated themselves to execute the Credit Sale and the Promissory Note. The Longs' contention they did not know Elliott failed to "provide an escape clause" is implausible and at odds with their actions. When their loan was denied in August 2011, the Longs were made fully aware of their predicament, i.e., they relied on loan approval that never materialized. At that point, they knew or should have known that there was no escape clause, and they failed to take any action regarding same. They did not demand that the sale be nullified, nor did they confer with another attorney. Instead, they began paying $3,333.33 monthly and have continued doing so.

The Longs gained hindsight in May 2013 from another attorney, which they seek to brand as malpractice by Elliott. Had the formal closing documents

5

contained "an escape clause," the result may be different; however, there is no evidence the Longs apprised Elliott that they needed or wanted a contingency allowing the sale to be nullified in the event they did not qualify for a loan.

It is evident that the Longs knew in August 2011 of the fact upon which their legal malpractice claim is based. The instant suit was filed April 28, 2014, more than two-and-one-half years after the Longs first knew there was no "escape clause." Consequently, we find the Longs' legal malpractice claim is prescribed under La.R.S. 9:5605(A) because it was not filed within one year from the date of discovery of the alleged malpractice. Because we find the Longs' legal malpractice claim to have prescribed, we need not address the trial court's finding of the commencement of peremption to have been March 28, 2011, as that determination has been rendered moot.

Finally, the Longs assign error with not being allowed to amend their petition. Louisiana Code of Civil Procedure Article 934 states that:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

The trial court is vested with discretion as to whether to permit amendment of the petition. *Deal v. Haney*, 14-1232 (La.App. 3 Cir. 11/25/14), 158 So.3d 35. The Longs' Contested Motion to File First Supplemental and Amending Petition for Damages was filed after the trial court sustained the second peremptory exception. However, even if allowed to amend, the Longs would be unable to cure the prescriptive defect. Accordingly, we find no error in the trial court's refusal to allow the Longs an opportunity to amend their petition.

6

**DECREE**

For the foregoing reasons, we affirm the judgment of the trial court sustaining the peremptory exception, but on the basis of one-year prescription and not three-year peremption. All costs are assessed to Plaintiffs, Julian W. Long, Eva Z. Long, and Long's Preferred Products, Inc.

**AFFIRMED AS AMENDED.**