NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 16-630

CARL MOSS

VERSUS

LOWE'S HOME CENTERS, INC.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2016-1
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and D. Kent Savoie,
Judges.

**AFFIRMED.**

**D. Scott Rainwater**
**Jamie R. Pounders**
**Taylor, Wellons, Politz & Duhe**
**8550 United Plaza Blvd,  Suite 101**
**Baton Rouge, LA 70809**
**(225) 387-9888**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Lowe's Home Centers, Inc.**

**Carl Moss**
**In Proper Person**
**3021 Deaton St.**
**Lake Charles, LA 70601**
**(337) 496-9176**

**EZELL, Judge.**

Carl Moss appeals a trial court judgment granting an exception of no cause of action filed by Lowe's Home Centers, Inc. (Lowe's) and dismissing his case. For the following reasons, we affirm the judgment of the trial court.

## FACTS

Based on the facts in Mr. Moss's petition, he received a Lowe's merchandise credit card on December 14, 2015, from an individual who owed him money. The remaining balance on the card was $451.58. He went into the Lowe's store located in Lake Charles, Louisiana and purchased a drink with the card to check the balance at 9:51 a.m. The receipt showed that the balance on the card was $451.58 before the purchase. After the purchase, the receipt indicated a balance of $449.13.

Around 6:00 p.m. that same day, Mr. Moss went to Lowe's to use the card and discovered that the card was depleted to a zero balance. The next morning a Lowe's employee explained to Mr. Moss that someone had gone online at 10:05 a.m. the previous day and made an online purchase with the card. Lowe's believes it was the individual who sold Mr. Moss the card because the individual picked up the merchandise ordered online in Crowley, Louisiana.

Lowe's declined to refund the card in the amount that was used for the online purchase. On January 12, 2016, Mr. Moss filed a petition for damages against Lowe's. Along with its answer and affirmative defense, Lowe's filed a peremptory exception of no cause of action. After a hearing on the exception on March 21, 2016, the trial court granted Lowe's exception of no cause of action and dismissed Mr. Moss's suit against Lowe's. Mr. Moss then filed the present appeal.

**DISCUSSION**

Mr. Moss argues that he has stated a cause of action against Lowe's because Lowe's created a "loophole" by allowing the merchandise credit card to be used online to make a purchase and then allowing the individual to pick up the merchandise at a store without presentation of the card. Mr. Moss further argues that Lowe's had a fiduciary duty to protect the funds available on the card so that the funds could not be stolen by a third party.

In *McCarthy v. Evolution Petroleum Corp.*, 14-2607, p. 7 (La. 10/14/15), 180 So.3d 252, 257, the supreme court reiterated the standards for determining whether the law allows a particular cause of action as it previously set forth in *Scheffler v. Adams and Reese, LLP*, 06-1774, pp. 4-5 (La. 2/22/07), 950 So.2d 641, 646-47 (citations omitted), as follows:

> As used in the context of the peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. No evidence may be introduced to support or controvert the exception of no cause of action. LSA–C.C.P. art. 931. The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.
>
> Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action.

The burden of proving that no cause of action exists is on the party who filed the exception. *Id*. Our review of the trial court's determination of whether a cause of action exists is de novo. *Id*. In reviewing the trial court's decision regarding an

exception of no cause of action, this court must determine whether a valid cause of action exists in a light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Id.*

Mr. Moss relies on the language on the back of the card which states that "[y]ou may use it at any Lowe's store by simply giving it to the cashier for payment when making your purchase." By using the word "may," Lowe's did not limit the card's use to the store. *See* La.R.S. 1:3. This language simply means that one must present the card when shopping at the store. There is no language on the card which prevents a person from shopping online. The card further provides that "[t]his Merchandise Credit cannot be replaced if lost or stolen." As issuer of the card, Lowe's has the authority to set its own terms subject to La.R.S. 51:1423 (requirements involving expiration dates and service fees), including the fact that the card can be used for online purchases.

Mr. Moss also claims that Lowe's owes him a fiduciary duty because it has a financial relationship with him by holding money for him. We first observe that Mr. Moss has not cited any legal authority which establishes that Lowe's owed him a fiduciary duty, or any kind of duty, to prevent the depletion of the funds on the merchandise credit card by a third party.

There must be a fiduciary relationship between the parties in order for a fiduciary duty to exist. *Scheffler*, 950 So.2d 641.

> One is said to act in a fiduciary capacity "when the business which he transacts, or the money or property which he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other."

3

*Id.* at 647 (quoting *State v. Hagerty*, 251 La. 477, 493, 205 So.2d 369, 374-375 (1967)). "The defining characteristic of a fiduciary relationship, therefore, is the special relationship of confidence or trust imposed by one in another who undertakes to act primarily for the benefit of the principal in a particular endeavor." *Id.* at 648.

In the present case, there was no special relationship between Mr. Moss and Lowe's. Lowe's undertook no obligation whatsoever to act on Mr. Moss's behalf. Lowe's owes no fiduciary duty to Mr. Moss.

Mr. Moss also argues that the trial court erred in not allowing him to amend his petition.

Louisiana Code of Civil Procedure Article 934 provides:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

A plaintiff's right to amend the petition is not absolute. *Deal v. Haney*, 14-1232 (La.App. 3 Cir. 11/25/14), 158 So.3d 35 (citing *Whitney Nat. Bank v. Jeffers*, 573 So.2d 1262 (La.App. 4 Cir. 1991). It is within a trial court's discretion whether to allow an amendment of the petition. *Id.* "[L]eave to amend is not required when it would constitute 'a vain and useless act.'" *Id.* at 39 (quoting *Broussard v. F.A. Richard &Assocs., Inc.*, 99-10, p. 7 (La.App. 3 Cir. 5/5/99), 740 So.2d 156, 160), *writ denied*, 99-1048 (La. 6/4/99), 744 So.2d 625.

There are no other facts or theories of law which would permit Mr. Moss recovery for the theft of the funds by a third party. Allowing amendment of the petition would be a vain and useless act. Therefore, the trial court was correct in

granting Lowe's exception of no cause of action and dismissing Mr. Moss's claims against it without permitting Mr. Moss to amend his petition.

For these reasons, the judgment of the trial court is affirmed in all respects. Costs of this appeal are assessed to Carl Moss.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.